NORRED LAW, PLLC
Clayton L. Everett, State Bar No. 24065212
515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Proposed Counsel for Advent Air Conditioning, Inc.

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| **In re:**<br>**Advent Air Conditioning, Inc.**<br>    1560 E. Southlake Blvd.<br>    Southlake, TX 76092<br>    EIN: 75-1935949<br><br>**Debtor** | **Case No. 25-41696-mxm11**<br><br>**Chapter 11**<br><br>**[Subchapter V Case]** |

### ADVENT AIR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Advent Air Conditioning, Inc. ("Advent Air" or the "Debtor"), the debtor and debtor-in-possession in the above-captioned Chapter 11 case, respectfully moves the Court for entry of interim and final orders authorizing the Debtor's use of cash collateral and granting adequate protection, and in support states as follows:

### I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

3. On May 9, 2025, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. The Debtor continues to operate its business and manage its affairs as debtor-in-possession pursuant to 11 U.S.C. §§ 1181 and 1182(1) and (2).

5. The Debtor operates a heating, ventilation, and air conditioning (HVAC) services business in the Dallas-Fort Worth area, providing installation, repair, and maintenance services to a residential customer base.

### III. CASH COLLATERAL AND SECURED PARTIES

6. Prior to the Petition Date, the Debtor entered into a series of merchant cash advance agreements (the "MCA Agreements") with the following parties:

- BlueVine Capital
- Flora Financial
- Lawrence Funding Group
- Millstone Funding
- Rowan Advance

(collectively, the "MCA Creditors").

7. The MCA Creditors may assert security interests, liens, or other rights in certain assets of the Debtor, including accounts receivable, cash proceeds, and collections (collectively, the "Cash Collateral") under the MCA Agreements and 11 U.S.C. § 363(a).

8. The Debtor disputes the validity, extent, and priority of the liens asserted by the MCA Creditors and reserves all rights, claims, and defenses with respect thereto.

### IV. NEED FOR USE OF CASH COLLATERAL

9. The Debtor requires the immediate use of Cash Collateral to fund ordinary and necessary business operations, including payment of payroll, insurance, critical vendor obligations, utilities,

rent, taxes, and other administrative expenses essential to preserving the value of the Debtor's business and estate.

10. Absent use of Cash Collateral, the Debtor will be unable to continue operations, leading to immediate and irreparable harm to the Debtor's business, customers, employees, and creditors.

11. The proposed operating budget is based on the January 1 to May 1, 2025 financials and is attached as Exhibit A.

12. The Debtor proposes to operate within the budget subject to a 10% variance and to report cash receipts and disbursements to the U.S. Trustee and interested parties on a monthly basis.

## V. ADEQUATE PROTECTION

13. As adequate protection for any diminution in the value of the MCA Creditors' alleged interests in the Cash Collateral, the Debtor proposes to: (a) Grant replacement liens on postpetition accounts receivable and proceeds (to the same extent, validity, and priority as existed prepetition, subject to avoidance or challenge); (b) Provide reporting of cash receipts and disbursements on a monthly basis; (c) Maintain insurance and other protective measures for estate assets; (d) Make payments of ordinary operating expenses in the ordinary course; and (e) Operated in compliance with the budget attached as Exhibit A.

14. The Debtor submits that the proposed adequate protection is sufficient under 11 U.S.C. §§ 361 and 363 to protect any valid interest the MCA Creditors may have in the Cash Collateral.

## VI. REQUEST FOR INTERIM RELIEF

15. The Debtor requests entry of an interim order authorizing the immediate use of Cash Collateral to avoid irreparable harm to the estate pending a final hearing, pursuant to Bankruptcy Rule 4001(b)(2).

16. A budget showing the proposed use of Cash Collateral over the next month and three-month time periods is attached hereto as Exhibit A.

## VII. NOTICE

15. Notice of this Motion has been provided to: (a) the Office of the United States Trustee;(b) counsel for the MCA Creditors (to the extent known); (c) the Debtor's twenty largest unsecured creditors; and (d) all parties requesting notice under Bankruptcy Rule 2002. The Debtor submits that such notice is adequate under the circumstances.

## VIII. PRAYER

WHEREFORE, the Debtor respectfully requests that the Court enter interim and final orders: (a) Authorizing the Debtor's use of Cash Collateral on the terms set forth herein; (b) Granting adequate protection as described; (c) Scheduling a final hearing pursuant to Bankruptcy Rule 4001; and (d) Granting such other and further relief as the Court deems just and proper.

Dated: May 12, 20205.                                                  Respectfully submitted:

By: __/s/ Clayton L. Everett____
    Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
Proposed Counsel for Debtor

## CERTIFICATE OF CONFERENCE

On May 12, 2025, I called and emailed the contact information provided for the MCA lenders listed above regarding the motion and the motion for expedited hearing on the same. At this time, it is presumed that the motion is opposed.

By: __/s/ Clayton L. Everett____

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing motion was served on the Office of the U.S. Trustee and upon the parties receiving notice via the Court's CM/ECF system. A copy was also mailed to the parties listed below:

*By CM/ECF to*:

Lisa L. Lambert
United States Trustee
Earle Cabell Federal Building
1100 Commerce Street, Room 976
Dallas, TX 75242


*Via US Mail and Email to the following MCA lenders*:

BlueVine Capital at partners@bluevine.com

For a Financial at customerservice@forafinancial.com and sales@forafinancial.com

Lawrence Financial Group at hello@lawrencefinancialgroup.com

Millstone Funding at info@millstonefund.org

Rowan Advance at grace@rowanadvance.com

*And to the creditors listed on Official Form 204.*

                                            By: __/s/ Clayton L. Everett____