NORRED LAW, PLLC
Clayton L. Everett, State Bar No. 24065212
515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Counsel for Debtor

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| **In re:**<br>**Advent Air Conditioning, Inc.**<br>  1560 E. Southlake Blvd.<br>  Southlake, TX 76092<br>  EIN: 75-1935949<br><br>**Debtor** | Case No. 25-41696-mxm11<br><br>Chapter 11<br><br>[Subchapter V Case] |

### DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

> **NO HEARING WILL BE HELD** unless a written response is filed with the Clerk of the United States Bankruptcy Court at the **Eldon B. Mahon U.S. Courthouse 501 W. 10th St., Rm. 147, Fort Worth, TX 76102-3643,** on or before the close of business on **February 6, 2026**, which date is at least **21 days after service** of this notice.
>
> Any response must be **in writing**, filed with the Clerk, and a copy must be **served on counsel for the moving party** before the deadline stated above. If a timely response is filed, the Court **may set a hearing**, with notice provided only to the objecting party.
>
> If no timely response or request for hearing is filed, the relief requested will be **deemed unopposed**, and the Court may enter an order granting the relief sought, or the noticed action may be taken **without further notice or hearing.**

Advent Air Conditioning, Inc. ("Debtor") files this Motion to Dismiss its Chapter 11 Case pursuant to 11 U.S.C. § 1112(b) ("Motion"). After further evaluation of the Debtor's financial condition and prospects for reorganization, the Debtor has determined that there is no feasible path to confirmation under Subchapter V at this time. Dismissal—rather than conversion to Chapter 7—is in the best interests of creditors and the estate. The Debtor would show the following:

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper under 28 U.S.C. § 1408. This matter is a core proceeding under 28 U.S.C. § 157(b).

2. The Debtor commenced this case under Chapter 11, Subchapter V on May 9, 2025.

3. The Court entered its Scheduling Order and Notice of Status Conference governing this Subchapter V case, including requirements relating to trustee compensation and the status conference process.

4. Since the petition date, the Debtor has continued operations but has experienced ongoing liquidity constraints, particularly with respect to payroll-related tax obligations.

5. Following discussions between Debtor's counsel and the Debtor's principal, it has become clear that:

   a. The Debtor has accrued significant post-petition payroll tax arrearages;

   b. The Debtor lacks the present ability to cure those administrative expenses in the near term; and

   c. Any proposed cure would depend on speculative events, including potential asset sales or contingent credits, which cannot be relied upon for confirmation purposes.

## CAUSE EXISTS TO DISMISS THE CASE

6. Post-petition tax obligations constitute administrative expenses that must be paid in full by the effective date of a plan absent consent of the taxing authority. The Debtor cannot satisfy this requirement in the near term. As a result, the Debtor cannot propose a plan that satisfies 11 U.S.C. §§ 1129(a)(9) and (a)(11).

7. The Debtor's ongoing accrual of unpaid administrative expenses, coupled with the absence of a feasible cure strategy, constitutes "cause" under § 1112(b)(4)(A) and (I).

8.    Conversion to Chapter 7 would not serve the interests of creditors or the estate. The Debtor has no meaningful unencumbered assets for a Chapter 7 trustee to administer, and conversion would therefore result primarily in additional administrative expenses without any corresponding benefit to creditors.

9.    Moreover, liquidation would not resolve the tax obligations that are presently preventing progress in this case, as those issues would remain regardless of conversion.

10.    By contrast, dismissal allows the Debtor to address its tax obligations outside of bankruptcy and avoids the continued accrual of administrative expenses in a case where no confirmable plan exists.

## PROPOSED CONDITIONS OF DISMISSAL

11.    The Debtor respectfully requests that any dismissal of this case be conditioned to ensure an orderly and fair conclusion of the proceedings. Specifically, the Debtor will pay all outstanding Subchapter V trustee fees and any allowed administrative expenses incurred through the date of dismissal.

12.    The Debtor further requests that the case remain open for a brief administrative period solely to allow the Subchapter V trustee to submit a final fee application, for the Court to review and approve that application, and for the Court to enter an order formally discharging the Subchapter V trustee.

13.    Finally, dismissal should be without prejudice to the rights of any party in interest, except as expressly provided in the order of dismissal.

## CERTIFICATE OF CONFERENCE

14. Counsel for the Debtor certifies that he notified Susan Hersh of the United States Trustee Office and the Subchapter V Trustee, Frances Smith of the Debtor's intent to file this Motion. Neither Hersh nor Smith indicated any opposition to dismissal.

WHEREFORE, the Debtor respectfully requests that the Court enter an order dismissing this Chapter 11 case pursuant to 11 U.S.C. § 1112(b), conditioning dismissal on the payment of all outstanding Subchapter V trustee fees, allowing the case to remain open solely for the limited purpose of addressing final trustee compensation and entering an order discharging the Subchapter V trustee, and granting such other and further relief as the Court deems just and proper.

DATE:   January 16, 2026.                Respectfully submitted:

By: /s/ Clayton L. Everett
Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
Norred Law, PLLC
515 E. Border St.
Arlington, Texas 76010
O: (817) 704-3984; F: (817) 524-6686
Counsel for Debtor

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all parties registered to receive electronic notice, including the United States Trustee and the Subchapter V Trustee.

By: __/s/ Clayton L. Everett____